UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITES STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-13-TS |
| | ) | |
| DONTRELL O. MOORE | ) | |

**OPINION**

On January 23, 2007, three men robbed the Tower Bank on Lahmeyer Road in Fort Wayne, Indiana. The government indicted Joseph O. Lewis (1:07-CR-12), Dontrell O. Moore (1:07-CR-13), and Dawan A. Warren (1:07-CR-14), three men whom police had arrested that same day. Each of the three indictments contains the same charges: armed bank robbery; using and carrying a firearm in relation to the robbery; and aiding and abetting.

On January 23, police interviewed Lewis about the robbery. Defendant Moore has requested that the government provide him a copy of the video recorded interview. On May 30, 2007, in a telephone conference with the Court, the government agreed to submit the video recording of Lewis's interview to the Court for *in camera* review. The government submitted the recording and the Court reviewed the four-hour tape to determine whether the interview contained any exculpatory statements or information discoverable to Moore.

The government must disclose any evidence favorable to a defendant if the evidence is material to either guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The *Brady* obligation extends to evidence that tends to impeach a government witness's credibility, as long as the evidence is material to the outcome of the trial. *Giglio v. United States*, 405 U.S. 150, 154 (1972). Nondisclosure of material exculpatory evidence, including impeachment evidence, violates a defendant's due process right to a fair trial. *United States v. Bagley*, 473 U.S. 667, 675

(1985).

Setting aside the possibility of *Giglio* impeachment evidence, Lewis's interview does not contain any exculpatory evidence. He says nothing that could be considered favorable to Moore as it relates to the bank robbery. Quite the opposite—he implicates him throughout. But, during the course of the interview, the events of January 23, as told by Lewis, are fleshed out, developed, expounded, and, arguably, modified. Therefore, the interview may contain evidence affecting Lewis's credibility and reliability. However, it certainly is not anticipated at this juncture that Lewis would be the government's witness at Moore's trial. Thus, *Giglio* would not apply. Moreover, the government need not disclose impeachment evidence until trial as long as the defendant is not prevented from having a fair trial. *Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986).

Because Lewis's interview does not contain exculpatory evidence or evidence that would affect the credibility of a government witness, the government is not required to provide the tape of Lewis's interview to Moore. The telephonic conference scheduled for June 8, 2007, at 10:00 AM is confirmed.

Dated: June 7, 2007.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT