# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

UNITED STATES OF AMERICA    )
    )
       v.    )     CAUSE NO.: 1:07-CR-13-TLS
    )
DONTRELL MOORE    )

## OPINION AND ORDER

The Defendant, Dontrell Moore, was sentenced to a term of imprisonment and ordered to pay restitution in a lump sum amount due immediately, with the balance of any amounts that remained unpaid upon his release from imprisonment to become a condition of supervision. Specifically, the Court ordered the following regarding the payment of criminal monetary penalties:

> Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
>
> Lump sum payment of $6,921.92 due immediately, balance due [in accordance with special instructions]. . . :
>
> that the defendant make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.
>
> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.
>
> The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

(Judgment, ECF No. 66 at 6.) Additionally, during the Court's oral pronouncement of the Defendant sentence, the Court stated that, "[i]n the event restitution cannot be paid in full immediately, the remaining restitution shall be paid at a minimum rate of $30 per month until said amount is paid in full. The defendant shall begin making payment upon release from

custody." (Sent. Hr'g Tr. 16–17.)

The Defendant, proceeding pro se, has filed a Letter [ECF No. 94]. He requests that the Court defer or suspend restitution payments until he is released from prison, or in the alternative, reduce his payments to match what he receives from his prison job. The Defendant claims that his family is required to put money in his account to cover the monthly payment, and that this is a hardship for them. He attaches a notice of IFP Refusal that indicates he has not complied with the court order stating that he make periodic payments toward his restitution while confined. The notice advises that he can be removed from refusal status by either having someone make an outside payment to the court, or signing a new contract for funds to be taken of out of his next scheduled monthly payment. The document does not indicate the amount of the payment due. The Defendant states in his Letter that his monthly obligation is $50.00. The Government opposes the Defendant's request for deferral of restitution payments, noting that the current payments through the Bureau of Prisons is consistent with the law.

As part of the Defendant's sentence, the Court ordered restitution due immediately. This was proper. *See* 18 U.S.C. § 3664(f)(3) (A), (B) (allowing a court to order the defendant to make a single lump-sum payment, reasonable periodic payments, or nominal periodic payments); *United States v. Hosking*, 567 F.3d 329, 336 (7th Cir. 2009) (stating that § 3572, which is incorporated by § 3664, creates a preference for immediate payment). Additionally, as part of a restitution order, a court must specify the schedule according to which restitution is to be paid if the defendant cannot pay in full immediately. 18 U.S.C. § 3664(f)(2); *United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008). Here, the Court specified in the oral pronouncement a

schedule of $30 per month.[1] These payments should not begin until after a defendant's release from prison, and "[p]ayments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices." *United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008). However, participation in the IFRP is voluntary, not mandatory. *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010) ("[T]he Bureau of Prisons lacks the power to compel participation in the IFRP. Administrators may establish a payment schedule, but a prisoner may choose instead to bear the consequences of not participating.).

In consideration of the Defendant's Letter, this Court's Judgment of December 6, 2007, and the relevant case law, the Court finds that the judgment should be amended to clarify that participation in the IFRP is voluntary. Additionally, to further clarify the Defendant's obligation and to remove any confusion created by the absence of a payment schedule in the written judgment, the Court finds that the amended judgment should also include the schedule of restitution payments the Court announced from the bench during sentencing. However, the Court cannot, as the Defendant requests, adjust the payment schedule the BOP has set for the Defendant's period of incarceration. *United States v. Sawyer*, 521 F.3d at 794 (7th Cir. 2008) (holding that a sentencing judge is not authorized to override the BOP's exercise of discretion in setting payments under the IFRP). The BOP is in the best position to determine the Defendant's

---

[1] "If an inconsistency exists between an oral and the later written sentence, the sentence pronounced from the bench controls." *United States v. Bonanno*, 146 F.3d 502, 511–12 (7th Cir. 1998) (quoting *United States v. Becker*, 36 F.3d 708, 711 (7th Cir. 1994)). Thus, where the oral version is unambiguous, there is no need to look beyond the oral version for any clarification from the written version. *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005). Here, the judgment and the oral pronouncement of the sentence, specifically the restitution payment schedule, are not inconsistent. The Court announced that the Defendant was obligated, after his release from prison, to pay any unpaid restitution at a minimum rate of $30 per month, while the written judgment did not mention any payment schedule.

ability to pay during his incarceration and it does not need judicial permission to remit money from the Defendant's account. If the Defendant is dissatisfied with the decision of the BOP, his recourse is through an internal appeal, s*ee* 28 C.F.R. § 545.11(d), or through judicial review of the BOP's final decision under the Administrative Procedures Act, *see* 5 U.S.C. § 702. *Sawyer*, 521 F.3d at 794–95.

For the foregoing reasons, the Defendant's request, as set forth in his Letter [ECF No. 94] is DENIED. In addition, the Court ORDERS that the Judgment [ECF No. 66] be AMENDED to reflect that the Defendant may participate in the Bureau of Prisons' Inmate Financial Responsibility Program, and that any portion of the restitution that is not paid in full at the time of the Defendant's release from imprisonment shall become a condition of supervision, with the Defendant making payments at a minimum rate of $30.00 per month until said amount is paid in full.

SO ORDERED on February 4, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT